UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| James APODACA,<br><br>                                Petitioner,<br>v.<br><br>Stephen SMITH,<br><br>                                Respondent. | Case No.: 24-cv-0634-AGS-MSB<br><br>**ORDER TRANSFERRING CASE** |

      Petitioner, a pro se state inmate, filed a habeas corpus petition challenging a conviction in the Superior Court for Ventura County, California. (ECF 1, at 1.) The Court finds that this case should be transferred.

      A petition for writ of habeas corpus "may be filed in the district court for the district" where the petitioner "is in custody" or was "convicted and sentenced." 28 U.S.C. § 2241(d). Petitioner is presently confined at Pleasant Valley State Prison in Fresno County, California, which is located in the Eastern District of California. (ECF 1, at 1); 28 U.S.C. § 84(b). And he was convicted and sentenced in Ventura County Superior Court, which falls within the Western Division of the Central District of California. (ECF 1, at 1); 28 U.S.C. § 84(c)(2). Thus, the Eastern and Central Districts "have concurrent jurisdiction to entertain the application." *See* 28 U.S.C. § 2241(d).

      "[I]f a court finds that there is a want of jurisdiction the court shall transfer the action to any other such court in which the action could have been brought if it is in the interest of justice." *Miller v. Hambrick*, 905 F.2d 259 (9th Cir. 1990). Typically, "transfer will be in the interest of justice because . . . dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990). And in determining the proper forum, the convicting district "is almost surely the most desirable forum" because it is "where all of the material events took place" and "the records and witnesses pertinent to petitioner's claim are likely to be found."

1  *Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 493–94 (1973); *see id.* at 499 n.15 ("[T]he district of confinement . . . will not in the ordinary case prove as convenient as the district court in the State which has lodged the detainer."). Thus, it is in the interest of justice to transfer this case to the district of conviction.

**IT IS ORDERED** that the Clerk of this Court transfer this matter to the United States District Court for the Central District of California, Western Division. *See* 28 U.S.C. § 2241(d). The Clerk is further ordered to serve a copy of this Order upon petitioner and upon the California Attorney General.

Dated: April 8, 2024

_____
Honorable Andrew G. Schopler
United States District Judge